# 24-4484

# United States Court of Appeals

## *for the*

## Fourth Circuit

---

UNITED STATES OF AMERICA,

*Plaintiff/Appellee,*

— v. —

ALEXANDER AISWAN NELSON, a/k/a Cam,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT FLORENCE

# JOINT APPENDIX
# VOLUME ONE (PAGES 1-56)

Elizabeth Anne Franklin-Best
ELIZABETH FRANKLIN-BEST, P.C.
3710 Landmark Drive, Suite 113
Columbia, South Carolina 29204
(803) 445-1333

*Counsel for Appellant*

Katherine Hollingsworth Flynn
OFFICE OF THE U.S. ATTORNEY
401 West Evans Street, Suite 222
Florence, South Carolina 29501
(843) 665-6688

*Counsel for Appellee*

CP COUNSEL PRESS   (800) 4-APPEAL • (JOB 811372)

# TABLE OF CONTENTS

**VOLUME ONE**

District Court Docket Sheet ................................................................................JA1

Indictment
    Filed November 8, 2022 ...........................................................................JA10

Transcript of Change of Plea before
The Honorable Joseph Dawson III
    Heard on April 16, 2024 ...........................................................................JA17

Defendant's Sentencing Memorandum and Motion for Variance
    Filed August 14, 2024 ...............................................................................JA42

Government's Motion for Downward Departure
    Filed August 14, 2024 ...............................................................................JA47

Judgment in a Criminal Case
    Filed August 29, 2024 ...............................................................................JA49

Defendant's Notice of Appeal
    Filed September 9, 2024 .............................................................................JA55

**VOLUME TWO (SEALED)**

Amended Plea Agreement
    Filed April 16, 2024 ..................................................................................JA57

Revised Presentence Investigation Report
    Date Report Prepared May 22, 2024
    Date Report Revised June 6, 2024 ............................................................JA67

Transcript of Sentencing before
The Honorable Joseph Dawson III
    Heard on August 28, 2024 .........................................................................JA97

i

Query    Reports    Utilities    Help    Log Out

<span style="color:green">APPEAL</span>,<span style="color:red">CLOSED</span>

# U.S. District Court
## District of South Carolina (Florence)
## CRIMINAL DOCKET FOR CASE #: 4:22-cr-00936-JD-2

Case title: USA v. William Jordan Gregory Anders, et al

Date Filed: 11/05/2022

Date Terminated: 08/29/2024

---

Assigned to: Honorable Joseph Dawson, III

Appeals court case number: 24-4484 4CCA

### Defendant (2)

**Alexander Aiswan Nelson**
*TERMINATED: 08/29/2024*
*also known as*
Cam
*TERMINATED: 08/29/2024*

represented by **Elizabeth Anne Franklin-Best**
Elizabeth Franklin-Best PC
3710 Landmark Drive
Suite 113
Columbia, SC 29204
803-445-1333
Email: elizabeth.a.franklin@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Kathy Jane Price Elmore**
Federal Public Defender's Office (Flo)
McMillan Federal Building
401 West Evans Street
Suite 105
Florence, SC 29501
843-662-1510
Fax: 843-667-1355
Email: Kathy_Elmore@fd.org
*TERMINATED: 03/30/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender or
Community Defender Appointment

**Michael Allen Meetze**
Federal Public Defender's Office (Flo)
McMillan Federal Building
401 West Evans Street
Suite 105
Florence, SC 29501
843-662-1510
Fax: 843-667-1355

JA1

Email: michael_meetze@fd.org
*TERMINATED: 03/30/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Jarrett Bouchette**
Burr and Forman (MBSC)
2411 Oak Street
Suite 206
Myrtle Beach, SC 29577
843-443-3056
Email: jbouchette@burr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| Title 21 USC 846 CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE with forfeiture allegations (1) | The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 175 months. The court makes the following recommendations to the Bureau of Prisons: Defendant serve his sentence at the Williamsburg, SC facility, alternatively, at the Bennettsville, SC facility. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. While on supervised release, the defendant shall comply with the mandatory conditions of supervision as well as special conditions. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| Title 21 USC 841(a)(1) and 841(b)(1)(C) CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE with forfeiture allegations (6) | Dismissed on Government's motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

JA2

**Plaintiff**

**USA**                                          represented by   **Katherine Flynn**
                                                                US Attorneys Office (Flor)
                                                                401 W Evans Street
                                                                Suite 222
                                                                Florence, SC 29501
                                                                843-665-6688
                                                                Fax: 843-678-8809
                                                                Email: katherine.flynn@usdoj.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2022 | 1 | MOTION to Seal Case by USA as to William Jordan Gregory Anders, Alexander Aiswan Nelson. (mcot, ) (Entered: 11/09/2022) |
| 11/08/2022 | 2 | **ORDER granting 1 Motion to Seal Case as to William Jordan Gregory Anders (1), Alexander Aiswan Nelson (2) Signed by Magistrate Judge Molly H Cherry on 11/8/2022. (mcot, )** (Entered: 11/09/2022) |
| 11/08/2022 | 4 | SEALED INDICTMENT (Sealed Grand Jury Ballot attached) as to William Jordan Gregory Anders (1) count(s) 1, 2, 3-4, 5 and Alexander Aiswan Nelson (2) count(s) 1, 6 (Attachments: # 1 GJ Ballot). (mcot, ) (Entered: 11/09/2022) |
| 11/08/2022 | 9 | **ORDER FOR ISSUANCE OF WARRANT as to Alexander Aiswan Nelson. Signed by Magistrate Judge Molly H Cherry on 11/8/2022. (mcot, )** (Entered: 11/09/2022) |
| 11/08/2022 | 12 | **Writ of Habeas Corpus ad Prosequendum Issued as to Alexander Aiswan Nelson. Signed by Magistrate Judge Molly H Cherry on 11/8/2022. (mcot, )** (Entered: 11/09/2022) |
| 11/09/2022 | 14 | **STANDING ORDER GOVERNING DISCOVERY as to William Jordan Gregory Anders, Alexander Aiswan Nelson. Signed by Magistrate Judge Kaymani D West on 11/9/2022. (mcot, )** (Entered: 11/09/2022) |
| 11/10/2022 | 15 | NOTICE OF HEARING as to Alexander Aiswan Nelson: Arraignment set for 11/15/2022 @ 2:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Kaymani D West. (mcot, ) (Entered: 11/10/2022) |
| 11/14/2022 | 16 | Case Reassigned as to Alexander Aiswan Nelson to Honorable Joseph Dawson, III. Judge Unassigned - CRI no longer assigned to the case. (bshr, ) (Entered: 11/14/2022) |
| 11/15/2022 | 17 | ORAL MOTION to Unseal Case by USA as to Alexander Aiswan Nelson. (hcic, ) (Entered: 11/15/2022) |
| 11/15/2022 | 18 | **ORAL ORDER granting 17 Motion to Unseal Case as to Alexander Aiswan Nelson (2). Signed by Magistrate Judge Kaymani D West on 11/15/2022.(hcic, )** (Entered: 11/15/2022) |
| 11/15/2022 | 19 | **Minute Entry for proceedings held before Magistrate Judge Kaymani D West: Arraignment as to Alexander Aiswan Nelson (2) on Counts 1 and 6 held on 11/15/2022. AUSA Katherine Flynn present; Kathy Elmore present with defendant. Oral motion made and granted to unseal case as to Defendant Alexander Aiswan Nelson. Defendant received copy of indictment, indicated he understands charges,** |

JA3

| | | |
|---|---|---|
| | | **waived reading, and entered his Not Guilty Plea. Government moves for detention; Defendant waives his right to a detention hearing at this time. Parties apprised of FRCrP 5(f). Court Reporter: CourtSmart, Leah Gibbons. (hcic, )** (Entered: 11/15/2022) |
| 11/15/2022 | 20 | CJA 23 Financial Affidavit (Restricted Access) by Alexander Aiswan Nelson (hcic, ) (Entered: 11/15/2022) |
| 11/15/2022 | 21 | **ORDER APPOINTING FEDERAL PUBLIC DEFENDER. Kathy Elmore added as counsel of record for Alexander Aiswan Nelson. Signed by Magistrate Judge Kaymani D West on 11/15/2022.(hcic, )** (Entered: 11/15/2022) |
| 11/15/2022 | 22 | Not Guilty PLEA ENTERED as to Alexander Aiswan Nelson (hcic, ) (Entered: 11/15/2022) |
| 11/15/2022 | 23 | **ORDER OF DETENTION (detention hearing waived) as to Alexander Aiswan Nelson. Signed by Magistrate Judge Kaymani D West on 11/15/2022.(hcic, )** (Entered: 11/15/2022) |
| 11/15/2022 | 24 | **FRCrP 5(f) DISCLOSURE ORDER as to Alexander Aiswan Nelson. Signed by Magistrate Judge Kaymani D West on 11/15/2022.(hcic, )** (Entered: 11/15/2022) |
| 11/15/2022 | 25 | Arrest of Alexander Aiswan Nelson. Clerk notified by: USMS. (hcic, ) (Entered: 11/16/2022) |
| 11/17/2022 | 26 | MOTION for Disclosure *of Intent to Use Evidence of Other Crimes, Wrongs, or Acts Under Federal Rules of Evidence of 404(b)* by Alexander Aiswan Nelson. No proposed order(Meetze, Michael) (Entered: 11/17/2022) |
| 11/17/2022 | 27 | MOTION for Discovery *and Inspection* by Alexander Aiswan Nelson. No proposed order(Meetze, Michael) (Entered: 11/17/2022) |
| 11/17/2022 | 28 | MOTION for Disclosure *Intention to Use Evidence* by Alexander Aiswan Nelson. No proposed order(Meetze, Michael) (Entered: 11/17/2022) |
| 12/14/2022 | 48 | SCHEDULING NOTICE as to William Jordan Gregory Anders and Alexander Aiswan Nelson: Pretrial Conferences set for 1/12/2023 @ 10:30 AM in Florence #2, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III. *Upcoming Deadlines:* Motions to Continue and Plea Agreements are due by 1/5/2023; Jury Selection is set for 3/13/2023 @ 9:00 AM. Parties are to note the included Notice regarding filing preferences. (mcot, ) (Entered: 12/14/2022) |
| 12/15/2022 | 49 | Warrant Returned Executed on 11/15/2022 in case as to Alexander Aiswan Nelson. (pschwartz-USMS, ) (Entered: 12/15/2022) |
| 01/04/2023 | 50 | Consent MOTION to Continue by Alexander Aiswan Nelson. No proposed order(Meetze, Michael) (Additional attachment(s) added on 1/4/2023: # 1 waiver) (swel, ). (Entered: 01/04/2023) |
| 01/05/2023 | 51 | **ORDER TO CONTINUE, ENDS OF JUSTICE, granting 50 Motion to Continue as to Alexander Aiswan Nelson (2). Case continued until April, 2023 term of court. Signed by Honorable Joseph Dawson, III on 1/5/2023.(swel, )** (Entered: 01/05/2023) |
| 01/05/2023 | 52 | NOTICE OF CANCELLATION OF HEARING: Nelson: Pretrial Conferences set for 1/12/2023 @ 10:30 AM in Florence #2, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III as to Alexander Aiswan Nelson ONLY has been cancelled (swel, ) (Entered: 01/05/2023) |
| 03/02/2023 | 60 | NOTICE OF HEARING as to Alexander Aiswan Nelson Pretrial Conference set for 4/11/2023 01:30 PM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence |

JA4

| | | |
|---|---|---|
| | | before Honorable Joseph Dawson III. Motions to Continue are due no later than Tuesday, April 4, 2023; Jury Selection is set for April 24, 2023, at 9:00 AM.(swel, ) (Entered: 03/02/2023) |
| 03/22/2023 | 61 | MOTION to Determine Conflict of Interest by Alexander Aiswan Nelson. No proposed order(Meetze, Michael) (Entered: 03/22/2023) |
| 03/23/2023 | 63 | NOTICE OF HEARING ON MOTION in case as to Alexander Aiswan Nelson: Motion Hearing as to ECF No. 61 Motion to Determine Conflict of Interest set for 3/29/2023 @ 2:30 PM in Florence #3, McMillan Federal Bldg., 401 W. Evans St., Florence before Magistrate Judge Kaymani D West. (mcot, ) (Entered: 03/23/2023) |
| 03/29/2023 | 64 | **Minute Entry for proceedings held before Magistrate Judge Kaymani D West: Motion Hearing re: ECF No. 61 , Motion to Determine Conflict of Interest, as to Alexander Aiswan Nelson held on 3/29/2023. AUSA Lauren Hummel present to call case; Defendant present in custody and represented by AFPDs Michael Meetze and Edmund Neyle (also present). Courtroom cleared except for Defendant, his counsel, and courtroom personnel. Court determined conflict of interest does exist; AFPD's Office terminated as counsel of record and Court will appoint CJA Counsel to represent Defendant. Court Reporter Robin Herrera. (mcot, )** (Entered: 03/30/2023) |
| 03/30/2023 | 65 | **CJA 20 as to Alexander Aiswan Nelson: Appointment of Attorney Thomas Jarrett Bouchette as CJA Counsel for Alexander Aiswan Nelson. Signed by Magistrate Judge Kaymani D West on 3/29/2023. (mcot, )** (Entered: 03/30/2023) |
| 04/04/2023 | 67 | MOTION to Continue by Alexander Aiswan Nelson. No proposed order (Attachments: # 1 Affidavit Waiver)(Bouchette, Thomas) (Entered: 04/04/2023) |
| 04/04/2023 | 68 | **ORDER TO CONTINUE - ENDS OF JUSTICE - granting 67 Motion to Continue as to Alexander Aiswan Nelson (2). Signed by Honorable Joseph Dawson, III on 4/4/23. (swel, )** (Entered: 04/04/2023) |
| 04/04/2023 | 69 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference set for 4/11/2023 01:30 PM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III has been cancelled as to Alexander Aiswan Nelson (swel, ) (Entered: 04/04/2023) |
| 04/11/2023 | 72 | NOTICE OF REQUEST FOR PROTECTION from Court Appearance as to Alexander Aiswan Nelson for July 13 - August 3, 2023 (swel, ) (Entered: 04/11/2023) |
| 04/11/2023 | 73 | DELETION OF DOCKET ENTRY NUMBER #71 as to Alexander Aiswan Nelson Reason: wrong event used Corrected Filing Document Number 72 Modified filing date to that of original filing: 4/11/23 (swel, ) (Entered: 04/11/2023) |
| 05/01/2023 | 76 | NOTICE OF HEARING as to Alexander Aiswan Nelson Pretrial Conference set for 5/16/2023 01:30 PM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III. (Attachments: # 1 Standing order)(swel, ) (Main Document 76 replaced on 5/1/2023) (swel, ). (Entered: 05/01/2023) |
| 05/07/2023 | 78 | MOTION to Continue by Alexander Aiswan Nelson. No proposed order(Bouchette, Thomas) (Entered: 05/07/2023) |
| 05/07/2023 | 79 | WAIVER of Speedy Trial by Alexander Aiswan Nelson (Bouchette, Thomas) (Entered: 05/07/2023) |
| 05/08/2023 | 80 | **ORDER TO CONTINUE - ENDS OF JUSTICE, granting 78 Motion to Continue as to Alexander Aiswan Nelson (2). Signed by Honorable Joseph Dawson, III on 5/8/23. (swel, )** (Entered: 05/08/2023) |

JA5

| 05/08/2023 | 81 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference set for 5/16/2023 01:30 PM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III HAS BEEN CANCELLED as to Alexander Aiswan Nelson (swel, ) (Entered: 05/08/2023) |
|---|---|---|
| 07/05/2023 | 88 | NOTICE OF HEARING as to Alexander Aiswan Nelson Pretrial Conference set for 8/15/2023 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III. -Motions to Continue are due no later than TUESDAY, AUGUST 8, 2023; Jury Selection is set for SEPTEMBER 18, 2023, at 9:00 AM (Attachments: # 1 Standing order)(swel, ) (Entered: 07/05/2023) |
| 08/02/2023 | 90 | MOTION to Continue by Alexander Aiswan Nelson. No proposed order(Bouchette, Thomas) (Entered: 08/02/2023) |
| 08/02/2023 | 91 | WAIVER of Speedy Trial by Alexander Aiswan Nelson (Bouchette, Thomas) (Entered: 08/02/2023) |
| 08/02/2023 | 92 | **ORDER TO CONTINUE - ENDS OF JUSTICE - granting 90 Motion to Continue as to Alexander Aiswan Nelson (2). Signed by Honorable Joseph Dawson, III on 8/2/23. (swel, )** (Entered: 08/02/2023) |
| 08/02/2023 | 93 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference set for 8/15/2023 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III has been cancelled as to Alexander Aiswan Nelson (swel, ) (Entered: 08/02/2023) |
| 11/07/2023 | 99 | NOTICE OF HEARING as to Alexander Aiswan Nelson Pretrial Conference set for 1/9/2024 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III. Motions to Continue are due no later than December 21, 2023. Jury Selection set for 1/22/2024 09:00 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III (Attachments: # 1 Standing order)(swel, ) (Entered: 11/07/2023) |
| 11/30/2023 | 100 | MOTION to Continue by Alexander Aiswan Nelson. No proposed order(Bouchette, Thomas) (Entered: 11/30/2023) |
| 11/30/2023 | 101 | WAIVER of Speedy Trial by Alexander Aiswan Nelson (Bouchette, Thomas) (Entered: 11/30/2023) |
| 12/01/2023 | 102 | **ORDER to CONTINUE - ENDS OF JUSTICE granting 100 Motion to Continue as to Alexander Aiswan Nelson (2). Signed by Honorable Joseph Dawson, III on 12/1/23.(swel, )** (Entered: 12/01/2023) |
| 12/01/2023 | 103 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference set for 1/9/2024 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III and Jury Selection set for 1/22/2024 09:00 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III have been cancelled as to Alexander Aiswan Nelson (swel, ) (Entered: 12/01/2023) |
| 01/12/2024 | 105 | NOTICE OF HEARING as to Alexander Aiswan Nelson Pretrial Conference set for 2/29/2024 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III. MOTIONS TO CONTINUE DUE (NO LATER THAN) FEBRUARY 22, 2024;JURY SELECTION MARCH 11, 2024 (Attachments: # 1 Standing order)(swel, ) (Entered: 01/12/2024) |
| 02/09/2024 | 106 | MOTION to Continue by Alexander Aiswan Nelson. No proposed order(Bouchette, Thomas) (Entered: 02/09/2024) |

JA6

| | | |
|---|---|---|
| 02/09/2024 | [107](#) | WAIVER of Speedy Trial by Alexander Aiswan Nelson (Bouchette, Thomas) (Entered: 02/09/2024) |
| 02/09/2024 | [108](#) | Amended MOTION to Continue by Alexander Aiswan Nelson. No proposed order(Bouchette, Thomas) (Entered: 02/09/2024) |
| 02/12/2024 | [109](#) | **ORDER TO CONTINUE - ENDS OF JUSTICE - granting [108](#) Motion to Continue as to Alexander Aiswan Nelson (2). Signed by Honorable Joseph Dawson, III on 2/12/24.(swel, ) (Entered: 02/12/2024)** |
| 02/12/2024 | 110 | NOTICE OF CANCELLATION OF HEARING: Pretrial Conference set for 2/29/2024 10:30 AM and JURY SELECTION set for MARCH 11, 2024 in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III HAVE BEEN CANCELLED as to Alexander Aiswan Nelson (swel, ) (Entered: 02/12/2024) |
| 03/28/2024 | [111](#) | PLEA AGREEMENT as to Alexander Aiswan Nelson (Flynn, Katherine) (Entered: 03/28/2024) |
| 03/28/2024 | [112](#) | ELEMENTS by USA as to Alexander Aiswan Nelson (Flynn, Katherine) (Entered: 03/28/2024) |
| 03/29/2024 | 113 | NOTICE OF HEARING as to Alexander Aiswan Nelson Change of Plea Hearing set for 4/16/2024 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before Honorable Joseph Dawson III. (swel, ) (Entered: 03/29/2024) |
| 04/16/2024 | 114 | **Minute Entry for proceedings held before Honorable Joseph Dawson, III: Change of Plea Hearing as to Alexander Aiswan Nelson held on 4/16/2024. AUSA Katherine Flynn present. Defendant present and represented by Thomas Jarrett Bouchette, CJA counsel. Alexander Aiswan Nelson (2) Guilty Count 1; Alexander Aiswan Nelson (2) Count to be Dismissed Count 6. Court Reporter Robin Herrera. CJA Time 35 minutes. (swel, ) (Entered: 04/16/2024)** |
| 04/16/2024 | [115](#) | AMENDED PLEA AGREEMENT as to Alexander Aiswan Nelson (swel, ) (Entered: 04/16/2024) |
| 04/16/2024 | [116](#) | Guilty PLEA ENTERED to Count 1 of the indictment as to Alexander Aiswan Nelson (swel, ) (Entered: 04/16/2024) |
| 05/18/2024 | [118](#) | NOTICE OF REQUEST FOR PROTECTION from Court Appearance as to Alexander Aiswan Nelson for September 23, 2024 - October 4, 2024 (swel, ) (Entered: 05/20/2024) |
| 05/18/2024 | 119 | DELETION OF DOCKET ENTRY NUMBER #117 as to Alexander Aiswan Nelson Reason: wrong event used Corrected Filing Document Number [118](#) Modified filing date to that of original filing: 5/18/24 (swel, ) (Entered: 05/20/2024) |
| 08/02/2024 | [121](#) | NOTICE OF HEARING as to Alexander Aiswan Nelson: Sentencing set for 8/28/2024 at 10:30 AM in Florence #1, McMillan Federal Bldg, 401 W Evans St, Florence before the Honorable Joseph Dawson III. (hcic, ) (Entered: 08/02/2024) |
| 08/14/2024 | [122](#) | MOTION to Depart from Guidelines. Type of Departure: From Guidelines by Alexander Aiswan Nelson. No proposed order(Bouchette, Thomas) (Entered: 08/14/2024) |
| 08/14/2024 | [123](#) | MOTION to Depart from Guidelines. Type of Departure: Downward by USA as to Alexander Aiswan Nelson. No proposed order(Flynn, Katherine) (Entered: 08/14/2024) |
| 08/28/2024 | 124 | **Minute Entry for proceedings held before the Honorable Joseph Dawson, III: Sentencing held on 8/28/2024 as to Alexander Aiswan Nelson. AUSA Katherine Flynn present; CJA counsel Thomas Bouchette present with defendant. Portion of hearing conducted in camera for reasons as stated on the record. [123](#) Motion to Depart from Guidelines granted. [122](#) Motion to Depart from Guidelines granted.** |

JA7

| | | |
|---|---|---|
| | | **Government's oral motion to dismiss forfeiture allegations granted. Special Assessment: $100. Court Reporter: Robin Herrera. CJA Time: 1 hour. (hcic, )** (Entered: 08/28/2024) |
| 08/29/2024 | [125](#) | **JUDGMENT as to Alexander Aiswan Nelson (2). Count 6 of the Indictment dismissed on Government's motion. Count 1: The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 175 months. The court makes the following recommendations to the Bureau of Prisons: Defendant serve his sentence at the Williamsburg, SC facility, alternatively, at the Bennettsville, SC facility. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. While on supervised release, the defendant shall comply with the mandatory conditions of supervision as well as special conditions. $100 special assessment. Signed by the Honorable Joseph Dawson, III on 8/29/2024. (hcic, )** (Entered: 08/29/2024) |
| 09/09/2024 | [128](#) | NOTICE OF APPEAL OF FINAL JUDGMENT by Alexander Aiswan Nelson re [125](#) Judgment. - Filing fee $ 605. The Docketing Statement form, Transcript Order form, and CJA 24 form may be obtained from the Fourth Circuit website at www.ca4.uscourts.gov. If applicable, the original CJA 24 form must be sent to the clerk's office upon filing of the Transcript Order form. (Attachments: # [1](#) Envelope)(hcic, ) (Entered: 09/09/2024) |
| 09/09/2024 | [129](#) | Transmittal Sheet for Notice of Appeal to USCA as to Alexander Aiswan Nelson to US Court of Appeals re [128](#) Notice of Appeal. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (hcic, ) (Entered: 09/09/2024) |
| 09/09/2024 | 130 | ***DOCUMENTS MAILED w/NEFs re [129](#) Transmittal Sheet, [128](#) Notice of Appeal, and public docket sheet placed in U.S. Mail from Florence Clerks Office to Alexander A. Nelson #31728-510 Florence County Det. Cnt. 6719 Friendfield Road Effingham, SC 29541 (hcic, ) (Entered: 09/09/2024) |
| 09/11/2024 | [132](#) | ORDER of USCA as to Alexander Aiswan Nelson re [128](#) Notice of Appeal. ORDER filed appointing Thomas Jarrett Bouchette for Alexander Aiswan Nelson in 24-4484. (hcic, ) (Entered: 09/11/2024) |
| 09/19/2024 | [133](#) | ORDER of USCA as to Alexander Aiswan Nelson re [128](#) Notice of Appeal. ORDER filed granting motion to withdraw/relieve/substitute counsel. New attorney appointed: Yes. Date counsel accepted case: 09/19/2024. Name of new attorney: Elizabeth Franklin-Best. (hcic, ) (Entered: 09/19/2024) |
| 10/23/2024 | [134](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Alexander Aiswan Nelson. Sentencing for date of 08/28/2024 before Judge Joseph Dawson III, re [128](#) Notice of Appeal - Final Judgment. Court Reporter/Transcriber Robin L. Herrera, RMR, CRR, CRC, Telephone number/E-Mail robin_herrera@scd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 7 calendar days from the filing of the transcript to file with the court a Notice of Intent to Request Redaction. *Does this satisfy all appellate orders for this reporter? Y*<br><br>Redaction Request due 11/13/2024. Redacted Transcript Deadline set for 11/25/2024. Release of Transcript Restriction set for 1/21/2025. (rher,) (Entered: 10/23/2024) |
| 10/28/2024 | [135](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Alexander Aiswan Nelson. Change of Plea for dates of 04/16/2024 before Judge Joseph Dawson III, re [128](#) Notice of Appeal - Final Judgment. Court Reporter/Transcriber Robin L. Herrera, RMR, CRR, CRC, Telephone number/E-Mail robin_herrera@scd.uscourts.gov. Transcript |

JA8

may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 7 calendar days from the filing of the transcript to file with the court a Notice of Intent to Request Redaction. ***Does this satisfy all appellate orders for this reporter? Y***

Redaction Request due 11/18/2024. Redacted Transcript Deadline set for 12/2/2024. Release of Transcript Restriction set for 1/27/2025. (rher,) (Entered: 10/28/2024)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/11/2024 11:10:23 | | | |
| **PACER Login:** | cplosangeles16 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:22-cr-00936-JD |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

JA9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:22-cr-936 |
| | ) | |
| | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(A) |
| vs. | ) | 21 U.S.C. § 841(b)(1)(B) |
| | ) | 21 U.S.C. § 841(b)(1)(C) |
| | ) | 21 U.S.C. § 853 |
| | ) | 21 U.S.C. § 881 |
| | ) | 28 U.S.C. § 2461(c) |
| **WILLIAM JORDAN GREGORY ANDERS,** | ) | |
| a/k/a "Jordan" | ) | **INDICTMENT** |
| **ALEXANDER AISWAN NELSON,** | ) | |
| a/ka "Cam" | ) | |

**COUNT 1**

*(Conspiracy to Possess with Intent to Distribute and to Distribute
Heroin, Methamphetamine, and Fentanyl)*

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around

January 2020, and continuing thereafter, up to and including the date of this Indictment, in the

District of South Carolina, the Defendants, **WILLIAM JORDAN GREGORY ANDERS, a/k/a**

**"Jordan," and ALEXANDER AISWAN NELSON, a/k/a "Cam,"** knowingly and intentionally

did combine, conspire, agree and have tacit understanding with each other and others, both known

and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to

distribute and distribute heroin, a Schedule I controlled substance; and methamphetamine, N-

phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), and

cocaine, all Schedule II controlled substances;

1

a. With respect to **WILLIAM JORDAN GREGORY ANDERS, a/k/a "Jordan,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C); and

b. With respect to **ALEXANDER AISWAN NELSON, a/k/a "Cam,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C);

All in violation of Title 21, United States Code, Section 846.

2

JA11

## COUNT 2

*(Possession with Intent to Distribute and Distribution of Methamphetamine and Fentanyl)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 13, 2022, in the District of South Carolina, the Defendant, **WILLIAM JORDAN GREGORY ANDERS, a/k/a "Jordan,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing methamphetamine and a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), both Schedule II controlled substances;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3

*(Possession with Intent to Distribute and Distribution of Methamphetamine and Fentanyl)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 20, 2022, in the District of South Carolina, the Defendant, **WILLIAM JORDAN GREGORY ANDERS, a/k/a "Jordan,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute 5 grams or more of methamphetamine and a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), both Schedule II controlled substances;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

JA12

## COUNT 4

*(Possession with Intent to Distribute and Distribution of Methamphetamine and Fentanyl)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 27, 2022, in the District of South Carolina, the Defendant, **WILLIAM JORDAN GREGORY ANDERS, a/k/a "Jordan,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute 5 grams or more of methamphetamine and a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), both Schedule II controlled substances;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

## COUNT 5

*(Possession with Intent to Distribute Methamphetamine, Heroin & Fentanyl)*

THE GRAND JURY FURTHER CHARGES:

That on or about June 8, 2022, in the District of South Carolina, the Defendant, **WILLIAM JORDAN GREGORY ANDERS, a/k/a "Jordan,"** knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

JA13

## COUNT 6

*(Possession with Intent to Distribute Fentanyl and Cocaine)*

THE GRAND JURY FURTHER CHARGES:

That on or about June 15, 2022, in the District of South Carolina, the Defendant,

**ALEXANDER AISWAN NELSON, a/k/a "Cam,"** knowingly, intentionally and unlawfully did

possess with intent to distribute a quantity of a mixture or substance containing a detectable amount

of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl")

and a detectable amount of cocaine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

5

JA14

## FORFEITURE

<u>DRUG OFFENSES</u>:

Upon conviction for felony violations of Title 21, United States Code as charged in this

Indictment, the Defendants, **WILLIAM JORDAN GREGORY ANDERS, a/k/a "Jordan,"** and

**ALEXANDER AISWAN NELSON, a/k/a "Cam,"** shall forfeit to the United States all of the

Defendants' rights, title, and interest in and to any property, real and personal,

    (a)   constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

    (b)   used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

<u>PROPERTY</u>:

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States

Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the

Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

    <u>Proceeds/Forfeiture Judgment</u>:

    A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of their violations of Title 21.

<u>SUBSTITUTION OF ASSETS</u>:

If any forfeited property being subject to forfeiture, as a result of any act or omission of the

Defendants:

    (a)   cannot be located upon the exercise of due diligence;
    (b)   has been transferred or sold to, or deposited with, a third person;
    (c)   has been placed beyond the jurisdiction of the Court;
    (d)   has been substantially diminished in value; or
    (e)   has been commingled with other property which cannot be subdivided without difficulty;

6

JA15

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the forfeitable property.

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A _____TRUE_____ Bill

_____FOREPERSON_____

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Katherine Hollingsworth Flynn (ID: 13103)
Assistant United States Attorney
401 West Evans Street, Room 222
Florence, SC 29501
Tel:    843-665-6688
Fax:    843-678-8809
Email: Katherine.Flynn@usdoj.gov

JA16

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF SOUTH CAROLINA
 2                      FLORENCE DIVISION

 3

 4  UNITED STATES OF AMERICA            4:22-cr-00936-JD-2

 5       vs.                           April 16, 2024

 6  ALEXANDER AISWAN NELSON,            Florence, SC

 7          Defendant.                 Appeal No.: 24-4484

 8

 9         BEFORE THE HONORABLE JOSEPH DAWSON III
                UNITED STATES DISTRICT JUDGE
10
                TRANSCRIPT OF CHANGE OF PLEA
11

12

13  A P P E A R A N C E S:

14  For the Government: KATHERINE H. FLYNN, AUSA
                        United States Attorney's Office
15                      401 West Evans Street, Suite 222
                        Florence, SC 29501
16                      katherine.flynn@usdoj.gov

17

18  For the Defendant:  THOMAS J. BOUCHETTE, ESQ.
                        Burr and Forman
19                      2411 Oak Street, Suite 206
                        Myrtle Beach, SC 29577
20                      jbouchette@burr.com

21   - - - - - - - - - - - - - - - - - - - - - - - - - - -

22           ROBIN L. HERRERA, RMR, CRR, CRC
                United States Court Reporter
23                  401 West Evans Street
                     Florence, SC 29501
24               robin_herrera@scd.uscourts.gov

25           (Stenotype/Computer-Aided Transcription)
```

```
 1        FLORENCE, SC; TUESDAY, APRIL 16, 2024, COURTROOM I
 2           HONORABLE JOSEPH DAWSON III, PRESIDING
 3                           * * *
 4       (Proceedings commence at 10:38 AM.)
 5           THE COURT:  Thank you.  Please be seated.
 6           All right.  Ms. Flynn, good morning.  What's our
 7   next case?
 8           MS. FLYNN:  Good morning, Your Honor.  May it
 9   please the Court.
10           This case is United States of America v.
11   Alexander Aiswan Nelson.  It's Case 4:22-936.  Your Honor,
12   the parties entered into a written plea agreement which
13   was filed on the docket on March 28th, 2024.
14           Just this morning the parties entered into an
15   amended plea agreement.  I had sent the Court a copy of
16   what we expected to be that amended plea agreement.  Just
17   before Your Honor took the bench, we did walk up the
18   signed version of that amended plea to Ms. Welsh Meyer,
19   and so we're here today for a change of plea hearing.
20           THE COURT:  All right.  Thank you.
21           All right.  Defense counsel, how about pronounce
22   your last name for me so I don't mess it up.
23           MR. BROOKER:  My name is Thomas Jarrett
24   Bouchette.  I represent Mr. Nelson.
25           THE COURT:  All right.  Mr. Bouchette, good
```

1    morning to you, sir.  You're here with your client,

2    Mr. Nelson?

3              MR. BOUCHETTE:  Yes, sir.

4              THE COURT:  Are you ready to proceed?

5              MR. BOUCHETTE:  Yes, sir.

6              THE COURT:  All right.  Ms. Meyer, would you

7    please swear in Mr. Nelson.

8              THE CLERK:  Would you raise your right hand.

9    State your full name for the record.

10             THE DEFENDANT:  Alexander Aiswan Nelson.

11             THE CLERK:  Do you solemnly swear that the

12   answers you give to the questions propounded by the Court

13   shall be the truth, the whole truth, and nothing but the

14   truth, so help you God?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  All right.  Good morning,

17   Mr. Nelson.

18             THE DEFENDANT:  Good morning.

19             THE COURT:  All right.  Mr. Nelson, the Court is

20   informed that you wish to plead guilty.  Is that correct?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  All right.  Before accepting your

23   guilty plea, there are a number of questions I will ask

24   you to be sure that it is a valid plea.  If you do not

25   understand any of the questions or at any time you wish to

1   consult with your attorney, please say so, since it is

2   essential to a valid plea that you understand each

3   question before you answer it.  Do you understand that?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that having been

6   sworn, your answers to my questions will be subject to the

7   penalties of perjury or of making a false statement if you

8   do not answer truthfully?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  All right.  Mr. Nelson, how old are

11  you?

12         THE DEFENDANT:  30.

13         THE COURT:  All right.  And how far did you go

14  in school?

15         THE DEFENDANT:  I graduated.

16         THE COURT:  Okay.  And what kind of jobs have

17  you had in your adult life?

18         THE DEFENDANT:  I really had, like,

19  housekeeping, houseman jobs.  I did stocking at Food Lion,

20  jobs like that.

21         THE COURT:  Okay.  All right.  Mr. Bouchette,

22  have you had any difficulty communicating with your

23  client?

24         MR. BOUCHETTE:  No, sir.  None at all.

25         THE COURT:  All right.  Thank you.

1          Mr. Nelson, have you taken any drug or
2     medication or consumed any alcoholic beverage in the past
3     24 hours?
4               THE DEFENDANT:  No, sir.
5               THE COURT:  Have you ever been treated for a
6     mental illness or drug addiction?
7               THE DEFENDANT:  No, sir.
8               THE COURT:  All right.  Mr. Nelson, do you know
9     why you're here today?
10               THE DEFENDANT:  Yes, sir.
11               THE COURT:  Tell me why you're here.
12               THE DEFENDANT:  I made bad decisions with my
13     life, and I'm getting to accept responsibility for my
14     wrongdoing.
15               THE COURT:  All right, sir.
16               All right.  Ms. Flynn and/or Mr. Bouchette, do
17     either of you have any doubts as to Mr. Nelson's
18     competence to plead at this time?
19               MS. FLYNN:  The Government has no doubt.
20               MR. BOUCHETTE:  No, sir, Your Honor.  And I will
21     add that since we did have an amended plea offer that was
22     submitted to the Court this morning, I would like it noted
23     that we were able to have a pause before the Court took
24     the bench for this plea, in which I was able to discuss
25     with my client what those amendments were, what the

1  reasoning was behind them.  I feel confident he
2  understands what that is, is in agreement regarding the
3  amended plea in addition to the one we signed back in
4  March.
5          THE COURT:  All right, sir.  Thank you.
6          All right.  It appears to me that Mr. Nelson is
7  competent to plead to the charge, and I so find for the
8  purpose of the record.
9          All right.  Mr. Nelson, have you had ample
10 opportunity to discuss your case with your attorney?
11         THE DEFENDANT:  Yes, sir.
12         THE COURT:  Are you satisfied with his
13 representation of you?
14         THE DEFENDANT:  Yes, sir.
15         THE COURT:  All right.  Has he done everything
16 you've asked him to do?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  Has he left out anything that you've
19 asked?
20         THE DEFENDANT:  No, sir.
21         THE COURT:  All right.  Mr. Nelson, do you
22 understand that if you are not a citizen of the United
23 States, in addition to the other possible penalties you
24 are facing, a plea of guilty may subject you to
25 deportation and prevent you from obtaining US citizenship?

1   Do you understand that?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  All right.  Mr. Nelson, we're going

4   to talk about your constitutional rights for a few

5   minutes.  Do you understand that under the Constitution

6   and the laws of the United States you are entitled to a

7   trial by jury?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  All right.  If you want a jury

10  trial, do you understand that you have the right to the

11  assistance of your lawyer for your defense on the charge

12  contained in the Indictment Number 4:22-936?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  All right.  Do you understand that

15  at trial you will be presumed to be innocent and the

16  Government would be required to prove you guilty by

17  competent evidence and beyond a reasonable doubt before

18  you could be found guilty?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that you would not

21  have to prove that you were innocent at your jury trial?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you understand in the course of

24  trial the witnesses for the Government would have to come

25  to court and testify in your presence and your counsel

1 could cross-examine the witnesses for the Government,

2 object to evidence offered by the Government, and offer

3 evidence on your behalf?

4       THE DEFENDANT:  Yes, sir.

5       THE COURT:  Do you understand that at your jury

6 trial you would have the right to testify if you chose to

7 do so?

8       THE DEFENDANT:  Yes, sir.

9       THE COURT:  Do you understand that you also have

10 a constitutional right not to testify?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Do you understand that if you chose

13 not to testify, no inference or suggestion of guilt could

14 be drawn from the fact that you did not testify?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  Do you understand that at trial you

17 would have the right to the issuance of subpoenas to

18 compel the attendance of witnesses to testify in your

19 defense?

20       THE DEFENDANT:  Yes, sir.

21       THE COURT:  Mr. Nelson, if you plead guilty and

22 I accept your plea, do you understand that you will waive

23 your right to a trial and the other rights I've just

24 discussed, there will be no trial, and I will enter a

25 judgment of guilty and sentence you on the basis of your

1  guilty plea after considering a presentence report?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  If you plead guilty, do you

4  understand that you will also have to waive your right not

5  to incriminate yourself since I may ask you questions

6  about what you did in order to satisfy myself that you are

7  guilty as charged, and you will have to acknowledge your

8  guilt?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Do you understand that what you are

11  pleading guilty to is a felony and you may lose some of

12  your valuable civil rights such as the right to vote?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you fully understand that if you

15  plead guilty and I accept your plea you may be required to

16  make restitution to the victim or victims of your acts

17  either by payment of money or in personal services as may

18  be directed by this Court?  If restitution or personal

19  service is ordered, failure to comply may be the basis for

20  revoking your probation.  Do you understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Mr. Nelson, having discussed your

23  rights with you, do you still want to plead guilty?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  All right.  Mr. Nelson, have you

Robin L. Herrera, RMR, CRR, CRC

JA25

1   received a copy of the indictment, which is the written

2   charge made against you in this case?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Have you had sufficient time to talk

5   to your lawyer about the case?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  All right.  The indictment reads at

8   Count 1 beginning in or around January 2020 and continuing

9   up until the date of the indictment, in the District of

10  South Carolina, the defendant, Mr. Nelson, knowingly and

11  intentionally did combine, conspire, agree, and have tacit

12  understanding with others known and unknown to the grand

13  jury to knowingly, intentionally, and unlawfully possess

14  with the intent to distribute and distribute 1 kilogram or

15  more of a mixture of substance containing a detectable

16  amount of heroin, a Schedule I controlled substance,

17  500 grams or more of a mixture or substance containing a

18  detectable amount of methamphetamine, and a quantity of

19  fentanyl, both Schedule II controlled substances, in

20  violation of Title 21, United States Code, Sections

21  841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.

22            Mr. Nelson, in order to sustain its burden of

23  proof the Government is required to prove the following:

24  The conspiracy described in the indictment was willfully

25  formed and was existing on or about the alleged time.  The

1  defendant willfully became a member of the conspiracy, and
2  the defendant possessed with intent to distribute or
3  distributed or agreed to assist in the possession with
4  intent to distribute or distribution of the quantity of
5  controlled substance stated in the indictment, or
6  possessed with the intent to distribute or distribution of
7  this quantity was reasonably foreseeable to the defendant
8  and was within the scope of the defendant's agreement and
9  understanding in the conspiracy.
10          Mr. Nelson, do you understand the charge
11  contained in the indictment?
12          THE DEFENDANT:  Yes, sir.
13          THE COURT:  All right.  The Court finds that
14  Mr. Nelson fully comprehends and understands the nature of
15  the charge against him and generally what elements the
16  Government would have to prove if a trial is held.
17          Mr. Nelson, do you understand that there's a
18  mandatory minimum penalty under Count 1 which is a term of
19  imprisonment of 10 years?  Do you understand that?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Do you also understand that the
22  maximum possible penalty under Count 1 is up to life
23  imprisonment, a fine of up to $10 million, and a term of
24  supervised release of at least 5 years plus a special
25  assessment of $100?  Do you understand that?

Robin L. Herrera, RMR, CRR, CRC

JA27

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  All right, sir.  Let's talk a little

3    bit about the sentencing guidelines, then.  Have you and

4    your lawyer talked about the sentencing guidelines?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  All right.  Have you talked about

7    how they might apply in your case?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Do you understand that the Court

10   will not be able to determine the guideline sentence for

11   your case until after the presentence report has been

12   completed and you and the Government have the opportunity

13   to challenge the facts reported by the probation officer?

14       THE DEFENDANT:  Yes, sir.

15       THE COURT:  Do you also understand that after

16   your initial advisory guideline range has been determined

17   the Court has the authority in some circumstances to

18   depart or vary upwards or downward from the range and will

19   also examine other statutory sentencing factors under 18

20   USC Section 3553(a) that may result in the imposition of a

21   sentence that is either greater or less than the advisory

22   guideline sentence?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  Do you also understand that under

25   some circumstances you or the Government may have the

1  right to appeal any sentence I impose?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Do you understand that parole has

4  been abolished and that if you are sentenced to prison you

5  will not be released on parole?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Mr. Nelson, do you understand that

8  if the sentence is more severe than you expect you will

9  still be bound by your plea and will have no right to

10  withdraw it?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Mr. Nelson, do you understand if you

13  plead guilty and I accept your plea you may be required to

14  forfeit any property identified in the indictment?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  All right.  Let's talk about

17  supervised release, then.  Do you understand that if you

18  plead guilty and I accept your plea the law requires that

19  upon your release from incarceration you will be subject

20  to a term of supervised release?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand that when a person

23  is placed on supervised release that person is restricted

24  as to the places he may go and the things that he may do,

25  and that person must report to authorities on a regular

1  basis?

2  THE DEFENDANT:  Yes, sir.

3  THE COURT:  Do you understand that the length of

4  term of supervised release in your case shall be at least

5  5 years?

6  THE DEFENDANT:  Yes, sir.

7  THE COURT:  Do you understand that the Court may

8  revoke your term of supervised release and require you to

9  serve in prison all or part of the term of supervised

10  release without credit for the time previously served on

11  postrelease supervision if the Court finds by a

12  preponderance of the evidence that you violated a

13  condition of supervised release?

14  So in other words, if it is shown by a

15  preponderance of the evidence that you violated the terms

16  of your supervised release, you may be required to serve

17  the entire supervised release period in jail without

18  getting credit for the time supervised before the

19  violation.  Do you understand that?

20  THE DEFENDANT:  Yes, sir.

21  THE COURT:  Mr. Nelson, has anyone threatened

22  you or anyone else or forced you in any way to plead

23  guilty?

24  THE DEFENDANT:  No, sir.

25  THE COURT:  All right.  I understand that there

1  is an amended plea agreement entered in this case, and I

2  would ask the Government to summarize the plea agreement

3  for the record.

4         MS. FLYNN:  Thank you, Your Honor.

5         The plea agreement states in its caption that it

6  is an amended plea agreement between the United States and

7  this defendant, Mr. Nelson, and that it was entered into

8  today, the 16th of April 24th.

9         In paragraph 1 that agreement states that

10  Mr. Nelson agrees to plead guilty to the heroin,

11  methamphetamine, and fentanyl conspiracy in violation of

12  21 USC 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.

13  Paragraph 1 also contains the elements and the penalties

14  for that offense as Your Honor has just reviewed.

15         Paragraph 2 concerns monetary penalties.

16         Paragraph 3 states that if Mr. Nelson complies

17  with the terms of the agreement the Government will

18  dismiss the remaining counts of the indictment at

19  sentencing.  It further states that Mr. Nelson understands

20  that those remaining counts may still be considered

21  relevant conduct under the United States Sentencing

22  Guidelines.

23         Paragraph 4 states that the obligations of the

24  Government under the agreement are contingent upon

25  Mr. Nelson abiding by the law and complying with any bond

1    that might have been executed in this case.

2          Paragraph 4 further states that should

3    Mr. Nelson fail to comply with the provisions of the

4    agreement the Government would have the right to void its

5    obligations under the agreement and Mr. Nelson would not

6    then be entitled to withdraw his guilty plea.

7          Paragraphs 5, 6, and 7 contain cooperation

8    language.

9          Paragraph 8 states that if Mr. Nelson cooperates

10   under the agreement and that cooperation is deemed by the

11   Government as providing substantial assistance in the

12   investigation or prosecution of another individual, the

13   Government would then make a motion for downward departure

14   or reduction of sentence under Sentencing Guideline 5K1.1,

15   US Code 3553(e) of Title 18, or Federal Rule of Criminal

16   Procedure 35(b).

17         Paragraph 8 further notes that such a motion by

18   the Government is not binding upon the Court, and should

19   the Court deny any such motion, Mr. Nelson would not have

20   the right to then withdraw his guilty plea.

21         Paragraphs 9 and 10 contain forfeiture language.

22         In paragraph 11, Mr. Nelson states that he has

23   sufficiently met with and discussed his case with his

24   attorney, Mr. Bouchette, and further states that he is

25   entering this plea of guilty of his own free and voluntary

1  choice and not as a result of pressure or intimidation by

2  any other individual.

3         Paragraph 12 contains an appellate waiver.  That

4  waiver states that in return for the concessions made by

5  the Government in this agreement Mr. Nelson waives his

6  right to contest either his conviction or sentence in any

7  direct appeal or postconviction action.

8         That paragraph also contains three exceptions to

9  that general waiver, and they are claims of ineffective

10  assistance of counsel, prosecutorial misconduct, or future

11  changes in the law that might affect Mr. Nelson's

12  sentence.

13         Paragraph 13 is a FOIA waiver.

14         And paragraph 14 is the merger clause for this

15  plea agreement.

16         The agreement is signed near the bottom of page

17  10 by Mr. Nelson, by his attorney, Mr. Bouchette, and by

18  myself on behalf of the United States Attorney's Office.

19         THE COURT:  All right.  Thank you.

20         Mr. Bouchette, has the assistant US attorney

21  correctly summarized the plea agreement?

22         MR. BOUCHETTE:  Yes, Your Honor.

23         THE COURT:  All right.  Mr. Nelson, are those

24  the terms of your plea agreement as you understand them?

25         THE DEFENDANT:  Yes, sir.


Robin L. Herrera, RMR, CRR, CRC

1          THE COURT:  All right.  Mr. Bouchette, if you

2    have the plea agreement in front of you, if you could turn

3    to the signature page, please.

4          MR. BOUCHETTE:  Yes, sir.

5          THE COURT:  All right.  Mr. Nelson, is that your

6    signature on the plea agreement?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  All right.  Did you have sufficient

9    time to read and discuss the plea agreement with your

10   lawyer before you signed it?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  All right.  Before you signed it,

13   did you understand what you agreed to do and what the

14   Government agreed to do in return?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  All right.  Mr. Nelson, do you

17   understand that generally any recommendations of the

18   Government or stipulations in your plea agreement are not

19   binding upon me and I may not follow the recommendations

20   or stipulations in the plea agreement, and I can sentence

21   you up to the maximum possible penalty if I feel it

22   appropriate and if permissible under the law without

23   permitting you to withdraw your plea of guilty and impose

24   a sentence that is more severe than you may anticipate?

25   Do you understand that?

1     THE DEFENDANT:  Yes, sir.

2     THE COURT:  Mr. Nelson, do you understand that

3 paragraph number 3 of the plea agreement states that the

4 remaining counts under the indictment will be dismissed

5 and any other indictments under this number.

6     If I do not accept the dismissal of the counts

7 you've agreed on, I will -- or you will be able to

8 withdraw your plea.  Do you understand that?

9     THE DEFENDANT:  Yes, sir.

10     THE COURT:  All right.  Do you understand that

11 paragraph 8 of the plea agreement states that the

12 Government agrees to move for downward departure or

13 reduction at sentencing.  If a downward departure motion

14 is made by the Government at sentencing, I may or may not

15 grant it.  If I do not grant it, you will not be able to

16 withdraw your plea.  Do you understand that?

17     THE DEFENDANT:  Yes, sir.

18     THE COURT:  Do you understand that by entering a

19 plea of guilty you will have waived or given up your right

20 to appeal or collaterally attack all or part of your

21 sentence?  Do you understand that?

22     THE DEFENDANT:  Yes, sir.

23     THE COURT:  And, Mr. Nelson, I want to state for

24 the record that in the plea agreement you signed at

25 paragraph number 12 it states that you are aware that 18

1   USC Section 3742 and 28 USC Section 2255 afford every

2   defendant certain rights to contest a conviction and/or

3   sentence.  Acknowledging those rights and in exchange for

4   the concessions made by the Government in this plea

5   agreement, you waive the right to contest either the

6   conviction or the sentence in any direct appeal or other

7   postconviction action including any proceeding under 28

8   USC Section 2255.

9           This waiver does not apply to claims of

10  ineffective assistance of counsel, prosecutorial

11  misconduct raised pursuant to 28 USC Section 2255, or

12  future changes in the law that affect your sentence.

13  Mr. Nelson, are you aware you are waiving those rights?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you still wish to plead guilty?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  All right.  Mr. Nelson, has anyone

18  made any promise other than the plea agreement that

19  induced you to plead guilty?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  All right.  Has anyone made any

22  prediction, prophesy, or promise to you as to what your

23  sentence is going to be?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  All right.  Mr. Nelson, did you, as

1   charged in Count 1, beginning in or around January 2020

2   and continuing up to the date of the indictment, in the

3   District of South Carolina, knowingly and intentionally

4   combine, conspire, agree, and have tacit understanding

5   with others known and unknown to the grand jury to

6   knowingly, intentionally, and unlawfully possess with the

7   intent to distribute and distribute 1 kilogram or more of

8   a mixture or substance containing a detectable amount of

9   heroin, a Schedule I controlled substance, 500 grams or

10  more of a mixture or substance containing a detectable

11  amount of methamphetamine, and a quantity of fentanyl,

12  both Schedule II controlled substances, in violation of

13  Title 21, United States Code, Sections 841(a)(1),

14  841(b)(1)(A), 841(b)(1)(C), and 846?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  All right.  I'd ask the Government

17  to summarize the evidence in this case for the record.

18          MS. FLYNN:  Your Honor, this case generally

19  concerns a polydrug distribution ring operating in and

20  around the Myrtle Beach area.  And I'm going to start sort

21  of at the end of the investigation.

22          In June of 2022, Richland County Sheriff's

23  Office in Columbia was conducting surveillance pursuant to

24  a tip and observed Mr. Nelson conduct what looked to be a

25  hand-to-hand drug transaction.  Richland County Sheriff's

Robin L. Herrera, RMR, CRR, CRC

1 Department then conducted a traffic stop on a car driven

2 by Mr. Nelson.

3       In a subsequent search of that car, law

4 enforcement found a white rock consistent with crack on

5 the rear driver's side floorboard.  That substance later

6 lab tested as approximately 2 grams of crack cocaine.

7       In a search incident to arrest of Mr. Nelson's

8 person, inside his boxers law enforcement found suspected

9 heroin, which later lab tested as 28 grams of fentanyl and

10 cocaine.

11       Richland County Sheriff's Department also

12 searched that day a residence that they had seen

13 Mr. Nelson emerge from to enter the car before conducting

14 the hand-to-hand transaction.

15       In that house, they found a bag with suspected

16 meth residue.  That residue was later confirmed to be

17 methamphetamine, and they also searched another car at the

18 house where they had seen Mr. Nelson put something inside

19 that car.  They found suspected marijuana and suspected

20 ecstasy pills.  Those pills were later lab confirmed to

21 contain methamphetamine.

22       In the fact pattern from that day, law

23 enforcement also obtained several phones which Mr. Nelson

24 identified as his drug phone, his cell phone, and his

25 personal phone.  That fact pattern underlies what was

Robin L. Herrera, RMR, CRR, CRC

JA38

1  Count 6 of the indictment, and while Mr. Nelson is

2  pleading to Count 1, that Count 6 fact pattern, the drugs

3  found that day, the phones found that day, are relevant to

4  the conspiracy to which he is pleading.

5          Following this stop by Richland County Sheriff's

6  Department, Mr. Nelson gave a post*Miranda* interview in

7  which he admitted that he was a drug dealer in the

8  Myrtle Beach area and dealt whatever he could get his

9  hands on, including fentanyl, methamphetamine, and heroin.

10          As to his codefendant, who he knew as Jordan, he

11  specifically admitted that he sold both ice,

12  methamphetamine, and heroin to Jordan, which was

13  consistent with other information then known to law

14  enforcement.

15          On the day of the stop in June 2022, he

16  explained that he had come from the Georgetown area with 2

17  ounces of heroin, stopped to sell an ounce of heroin in

18  Marion, sold approximately half an ounce of ice

19  methamphetamine in Columbia, and was trying to sell the

20  rest of the heroin.

21          As to the bag of methamphetamine residue found

22  in the nearby house, he explained that when he traveled he

23  tucked his drugs inside his pants, which is why law

24  enforcement found the bag with residue in the house

25  because he changed the bag out so as not to sell sweaty

Robin L. Herrera, RMR, CRR, CRC

1    drugs.

2           He also explained how he worked with others to

3    obtain heroin, ice, cocaine, and fake Roxicodone pills for

4    sale to other individuals and further admitted that this

5    activity stretched back to at least 2020 and was

6    extensive.

7           So based upon the stop, based upon other

8    information already known to law enforcement, based upon

9    his statement, and based upon the corroboration of the

10   information through other sources, the Government would be

11   prepared to show that Mr. Nelson was engaged in a

12   methamphetamine, fentanyl, and heroin distribution

13   conspiracy; that his role within that conspiracy was as a

14   middleman distributor/dealer who would work with others to

15   obtain drugs and then distribute them to others lower down

16   the ladder, and that Mr. Nelson was accountable for at

17   least 1 kilogram or more of a substance containing heroin,

18   at least 500 grams or more of a substance containing

19   methamphetamine, and a quantity of fentanyl.

20           THE COURT:  All right.  Thank you.

21           Mr. Nelson, do you agree with the prosecutor's

22   summary of what you did?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  All right.  Is there anything about

25   that summary you disagree with?

1         THE DEFENDANT:  No, sir.

2         THE COURT:  All right, sir.  It is the finding

3    of the Court in the case of *USA v. Nelson* that Mr. Nelson

4    is fully competent and capable of entering an informed

5    plea and that his plea of guilty is a knowing and

6    voluntary plea supported by an independent basis in fact

7    containing each of the essential elements of the offense.

8    His plea is, therefore, accepted, and he is now adjudged

9    guilty of that offense.

10        Are there any other matters for Court's

11   consideration in this case?

12        MS. FLYNN:  Not in this case, Your Honor.

13        THE COURT:  All right.

14        MR. BOUCHETTE:  No, sir.

15        THE COURT:  Okay.  Thank you, everyone.

16        MS. FLYNN:  Thank you.

17     *(Proceedings adjourn at 11:04 AM.)*

18                    * * *

19

20              CERTIFICATE OF REPORTER

21     I certify that the foregoing is a correct transcript
     from the record of proceedings in the above-entitled
22   matter.

          */s/  Robin L. Herrera*          October 28th, 2024
23   Robin L. Herrera, RMR, CRR, CRC       Date
     Official Court Reporter
24

25

Robin L. Herrera, RMR, CRR, CRC

JA41

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No: 4:22-cr-586 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXANDER AISWAN NELSON | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM
## AND MOTION FOR VARIANCE

The Defendant, Alexander Nelson, by and through his undersigned Counsel, respectfully submits this sentencing memorandum and Motion for Downward Departure and/or Variance from the United States Sentencing Guidelines ("Guidelines" or "USSG").

> "*What shall he profit, if his injustice be undetected and unpunished? He who is undetected only gets worse, whereas he who is detected and punished has the brutal part of his nature of silenced and humanized; the gentler element in him is liberated, and the whole soul is perfected in an album by requirement of justice and temperance and wisdom...*"
>
> ~ Platos Republic

The Defendant acknowledges the need for the "*brutal part of his nature*" to be "*silenced and humanized*" by punishment from this Court. The Defendant's only request from the Court is that it impose a sentence which is sufficient, but not greater than necessary to achieve this aim.

The Defendant respectfully submits that, based upon the factors set forth herein and will be discussed in further detail at the sentencing hearing, the imposition of the mandatory minimum sentence of ten (10) years will accomplish the goals and objectives of the Court in assessing appropriate punishment in this case.

## FACTS/BACKGROUND

The Defendant is one of two defendants in a six-count indictment in the District of South Carolina. Co-defendant William Jordan Gregory Anders is charged in five (5) of the six (6) counts

JA42

in the indictment, while the Defendant is charged in only two (2). All counts are substantially similar against both Defendants and involve violations of U.S.C. §841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C). On August 10, 2023, over a year ago, co-defendant Anders received a sentence of 78 months imprisonment followed by five (5) years of supervised release.

The Defendant is thirty years old and has lived his entire life in the Horry-Georgetown area. Though his criminal record does contain prior drug convictions, there are no allegations that the Defendant is involved in sort of gang activity. He has been incarcerated since his initial arrest, over two years ago.

Mr. Nelson plead guilty on April 16, 2024 to count one of the indictment which contained violations of 21 U.S.C §841(a)(1), (b)(1)(A), (b)(1)(C), and 846. The advisory guideline range for imprisonment, pursuant to the USSG guidelines, are between 235 and 293 months based upon a criminal history of seven (7) and a total offense level of 35. The applicable statutory minimum is ten (10) years.

## AUTHORITY AND GUIDANCE FOR VARIANCE

The penalties and sentencing imposed by the Guidelines are not mandatory or binding upon the Court. *US v. Booker*, 543 U.S. 220 (2005). Moreover, in *Gall v. United States*, the Supreme Court made clear that the Court may not undertake sentencing of a Defendant under the presumption that the guidelines are reasonable, but must instead make an individualized assessment based on the facts presented and review of the factors set forth in U.S.C. § 3553. 552 U.S. 38, 128 S. Ct. 586 (2007). In doing so, the court "…***shall*** impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) …" pursuant to §3553(a). *Id.* (emphasis added).

In the Fourth Circuit, the permissible considerations that the Court may take into consideration are extensive. There is "essentially no limit on the number of potential factors that may warrant… a variance." *United States v. Davenport*, 445 F.3d 366, 371 (4th Cir. 2006). "Generally, if the reasons justify the variances are tied to § 3553 and are plausible, the sentence will be deemed reasonable." *United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006). Though such a sentence will not be "rubber-stamped," an appellate court reviewing a sentencing court's decision to grant a variance will be viewed with deference with the goal towards overall reasonableness. *Id*.

## **ARGUMENT**

**I.    Imposition of the statutory minimum sentence in this case would promote the goal of avoiding sentencing disparity among co-defendants under § 3553(b)(6).**

One of the considerations the Court is obligated to take into account as part of its mandate to ensure a sufficient, but not harsher than necessary, sentence is "*the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct*" under § 3553(b)(6). The Defendant is informed and believes that this consideration warrants a substantial variance in this case. As previously stated, the sole co-defendant in this case received a 78-month sentence. Though Counsel is without sufficient information to evaluate the criminal history of the co-defendant, it is clear that the co-defendant was charged with similar, if not more serious offenses, given the additional counts for which he charged, to that of the Defendant. A disparity of over thirteen (13) years, if the Court was to sentence the Defendant in accordance with the guidelines, between these parties would result in, the Defense submits, a disparity so gross that it would simply violate basic notions of fairness and justice.

**II.    The Defendant's criminal history category over represents the seriousness of the Defendant's history or likelihood that the Defendant will commit other crimes.**

Under USSG §4A1.3(b), a variance is appropriate where "*reliable information indicates that the defendant's criminal history category substantially over represents the seriousness of the defendant's criminal history or the likelihood that the Defendant will commit other crimes.*" The Defendant in this case received three (3) criminal history points for a conviction of Assault and Battery in the 2nd degree. *See* PSR ¶ 61. This charge arose from an altercation while the Defendant was incarcerated at the South Carolina Department of Corrections facility in McCormick, SC.

Defendant respectfully submits that this conviction substantially over represents *both* the seriousness of the Defendant's criminal history *and* the likelihood of further criminal conduct. Given the dangerous and often violent nature of the prison system, the Court should view this conviction with an eye toward determining if it is indicative that the Defendant is more violent/crime-prone that he would be absent the conviction, or if it is more indicative of young man's (23 at time of conviction) imperfect reaction to inherently violent and dangerous environment.

The Defendant believes that the totality of his record supports the fact that it is the latter. Neither the government's indictment, the pre-sentence report, nor any other information gathered

by the government indicates that the Defendant is in any way gang-affiliated. Nowhere else in the criminal convictions of this 30-year-old man is there any indication of violent propensity or violent conduct. The three points added to the Defendant's sentence criminal history for this charge contributes significantly, not only to the Defendant's total of seven points, but also to the length of imprisonment under the guidelines.

Based on these factors, Defendant submits that both the level of criminality inherent in the Defendant and the likelihood of recidivism is overstated by the inclusion of this offense, and believes that a variance is warranted.

**III.    An imposition of the ten (10) year mandatory minimum sentence would satisfy the obligation(s) of the Court to account for the characteristics of the Defendant under § 3553(a)(1), as well as the factors set forth in § 3553(a)(2)(A), (B), & (C).**

The Defendant respectfully submits that his conduct since the time of his arrest displays a remorseful and contrite attitude, an extraordinary acceptance of responsibility, and a commitment to reform. The very evening that the Defendant was arrested, he admitted his involvement in the illegal activity being investigated. *See* PSR ¶ 35-46. He did so without requesting counsel, as was his right to do so. Following his arraignment, the Defendant did not seek a bond, but instead waited patiently for sentencing, now almost two (2) years later. During the entirety of that time, the Defendant has been detained in the Florence County Detention Center. This represents a significant period of pre-trial confinement in a local holding facility.

<u>**CONCLUSION**</u>

The Defendant now comes before the Court requesting that the Court grant a variance which, while requiring the Defendant to sacrifice a significant number of years of freedom, does not foreclose the ability of the Defendant to have the opportunity to reform himself and live a life free of criminal activity upon his release.

Respectfully submitted**,**

**THE FLOYD LAW FIRM P.C.**

By:   s/ Jarrett Bouchette
T. Jarrett Bouchette, Esq (USDC 12308)
P.O. Drawer 14607
Surfside Beach SC 29587
(p) 843-238-5141 (f) 843-238-9060
*Attorney for Defendant Alexander Nelson*

August 14, 2024
Surfside Beach, SC

JA45

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing has been filed through the Court's electronic filing system, this 14th day of August, 2024, and all parties of record have been served electronically with this Motion.

s/ Jarrett Bouchette
T. Jarrett Bouchette

JA46

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:22-00936-JD |
| | ) | |
| v. | ) | |
| | ) | **GOVERNMENT'S MOTION FOR** |
| **ALEXANDER AISWAN NELSON** | ) | **DOWNWARD DEPARTURE** |
| _____ | ) | |

     The United States, by and through its undersigned attorney, respectfully moves pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e) that this Honorable Court depart downward from the applicable Guidelines regarding the Defendant, Alexander Aiswan Nelson. Section 5K1.1 of the Guidelines and 18 U.S.C. § 3553(e) permit the prosecution to seek a reduction in a defendant's advisory Guidelines sentence in return for that defendant's substantial assistance in the investigation or prosecution of another individual.[1]  In support of its Motion, the United States would show the following:

     1.     That on April 16, 2024, the Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

---

[1] U.S.S.G. Section 5K1.1 provides that, upon motion of the Government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who committed an offense, the Court may depart from the Guidelines.  The Section further provides that the appropriate reduction shall be determined by the court for reasons that may include, but are not limited to, consideration of the following conduct: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant of his family resulting from his assistance; (5) the timeliness of the defendant's assistance.

JA47

2.      Since being charged in federal court, Defendant cooperated by admitting his involvement in illegal activity and providing information concerning the illegal activities of other individuals.

3.      The Government believes that Mr. Nelson provided substantial assistance in the investigation and prosecution of another individual.

4.      The Government will provide more specific information regarding the Defendant's cooperation at the time of his sentencing.

5.      The case agent has been consulted and agrees that the Defendant has provided sufficient substantial assistance to warrant this motion by the Government.

The Government views the Defendant's cooperation as substantial.   Therefore, the Government would move this Honorable Court to depart downward two levels from the sentencing range established by the Guidelines.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:  /s/ *Katherine Hollingsworth Flynn*
       Katherine Hollingsworth Flynn (#13103)
       Assistant United States Attorney
       401 West Evans Street, Suite 222
       Florence, South Carolina 29501
       843-665-6688
       katherine.flynn@usdoj.gov

Florence, South Carolina
August 14, 2024

JA48

AO 245C (SCDC Rev. 09/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

**Alexander Aiswan Nelson**
 **a/k/a Cam**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **4:22-cr-00936-JD-2**

USM Number: 31728-510

Thomas Jarrett Bouchette, CJA
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to Count 1 of the Indictment on 4/16/2024.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846 | See Indictment | 11/8/2022 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.

☑  Count 6 of the Indictment   ☑ is  ☐ are dismissed on the motion of the United States.

☑ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

8/28/2024
Date of Imposition of Judgment

s/Joseph Dawson, III
Signature of Judge

Joseph Dawson, III, U.S. DISTRICT JUDGE
Name and Title of Judge

8/29/2024
Date

JA49

AO 245C (SCDC Rev. 09/19) Judgment in a Criminal Case

Sheet 2 - Imprisonment

Page 2

DEFENDANT: **Alexander Aiswan Nelson**
CASE NUMBER: **4:22-cr-00936-JD-2**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **175 months**.

■    The court makes the following recommendations to the Bureau of Prisons: Defendant serve his sentence at the Williamsburg, SC facility, alternatively, at the Bennettsville, SC facility.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m.    ☐ p.m. on _____.
☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _____.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

JA50

AO 245C (SCDC Rev. 09/19) Judgment in a Criminal Case
Sheet 3 - Supervised Release                                                                    Page 3

DEFENDANT: **Alexander Aiswan Nelson**
CASE NUMBER: **4:22-cr-00936-JD-2**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **5 years**.

While on supervised release, the defendant shall comply with the mandatory conditions of supervision outlined in 18 U.S.C. § 3583(d) and USSG § 5D1.3(a), and the standard (discretionary) conditions outlined in USSG § 5D1.3(c) as noted in paragraphs 113 and 115 of the presentence report. Standard conditions of supervision 1 through 9 and 13 serve the statutory sentencing purposes of public protection and rehabilitation pursuant to 18 U.S.C. § 3553(a)(2)(C) and (D). Standard conditions of supervision 10 and 12 serve the statutory sentencing purpose of public protection pursuant to 18 U.S.C. § 3553(a)(2)(C). Standard condition of supervision 11 ensures that the defendant does not engage in activities that may potentially conflict with the other conditions of supervision and that may pose risks to the defendant's probation officer. The defendant shall also comply with the following special conditions for the reasons set forth in the presentence report which has previously been adopted by the Court as the finding of facts for the purposes of sentencing:

1. You must submit to substance abuse testing to determine if you have used a prohibited substance.

2. You must contribute to the cost of such program not to exceed the amount determined reasonable by the Court approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

## MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance.   You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐   You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ■   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐   You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (SCDC Rev. 09/19) Judgment in a Criminal Case
Sheet 3A- Supervised Release                                                                    Page 4

DEFENDANT: **Alexander Aiswan Nelson**
CASE NUMBER: **4:22-cr-00936-JD-2**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.   These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.      You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.      After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.      You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.      You must answer truthfully the questions asked by your probation officer.
5.      You must live at a place approved by the probation officer.   If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.   If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.      You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.      You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so.   If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.   If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change.   If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.      You must not communicate or interact with someone you know is engaged in criminal activity.   If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.      If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.     You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.     If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.     You must follow the instructions of the probation officer related to the conditions of supervision.


## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.   For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.


Defendant's Signature _____     Date _____

AO 245C (SCDC Rev. 09/19) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties                                                      Page 5

DEFENDANT: **Alexander Aiswan Nelson**
CASE NUMBER: **4:22-cr-00936-JD-2**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $ | $ | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.   However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | $ | $ | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement     $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).   All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐     The interest requirement is waived for the ☐ fine  ☐ restitution.
    ☐     The interest requirement for the ☐ fine  ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

JA53

AO 245C (SCDC Rev. 09/19) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Page 6

DEFENDANT: **Alexander Aiswan Nelson**
CASE NUMBER: **4:22-cr-00936-JD-2**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $100.00 special assessment, due immediately.

☐  not later than _____, or

☐  in accordance with  ☐ C,   ☐ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____(weekly, monthly, quarterly)   installments of $_____

over a period of _____(e.g., months or years), to commence _____ (e.g., 30 or
60 days)   after the date of this judgment; or

D  ☐   Payment in equal <u>monthly</u> installments of $00.00, to commence  _days_ after release from imprisonment to a term of
supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.
The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
Case Number
Defendant and Co-Defendant Names
*(including defendant number)*

| Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|
| | | |

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____  and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA
Assessment (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment (9) penalties, and (10) costs, including
cost of prosecution and court costs.

JA54

Alexander A
6719 Friendfield Road
Florence County Detention Center
Effingham SC, 29541

SEP 9 '24 AM 11:23
RCV'D - USDC FLO SC

In the united States district Court
for the district of south Carolina

United States of America )
          Plantiff )
                    )
      vs. )
Alexander Aiswan Nelson )
                    )
      Defendant. )
_____ )

Cr. NO.: 4:22 cr 00936-JD

Notice of Appeal

Comes now the Defendant, Alexander Aiswan Nelson, pro se, and hereby gives notice of appeal from the Judgement and sentence, imposed by this Court on August 28, 2024. Respect Submitted this 3rd day of september, 2024.

Alexander Aiswan Nelson
Alexander Aiswan Nelson

Copy mailed this 3rd day of september, 2024 to each of the following:

U.S. Attorney for the District of South Carolina Clerk of Court
    401 W. Evans St.
    Florence SC, 29501

Sworn to and Subscribed Before Me
This 3rd Day of September, 20 24
Signed:
Notary Public of South Carolina
My Commission Expires on:
November 20, 20 33

T. Jarrett Bouchette
    Attorney At Law
.15 Highway 17, South / P.O Drawer 14607 / Surfside Beach, SC 29587-4607

JA55



NAME Florence Eaton Nelson
FLORENCE COUNTY
DETENTION CENTER
6719 FRIENDFIELD ROAD
EFFINGHAM, SC 29541

© USPS 2022

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

Federal Clerk of cort
401 W. Evans St.
Florence SC 29501

COLUMBIA SC 290

5 SEP 2024    PM 4    L

FOREVER / USA

ITEM X-RAYED
BY USMS

SEP 9 '24 AM11:29
RCVD - USDC FLO SC

THE FLORENCE COUNTY DETENTION CENTER
HAS NEITHER CENSORED NOR INSPECTED
THIS ITEM. THEREFORE, FCDC DOES NOT
ASSUME RESPONSIBILITY FOR ITS CONTENTS.